UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Application Regarding<br><br>19-103-04 | No. __4:19-mc-43__<br><br>APPLICATION FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE, AND FOR SUBSCRIBER INFORMATION "REDACTED" |

The United States of America, moving by and through Assistant United States Attorney Jennifer Mammenga, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C § 3123, authorizing the continued installation and use of a pen register and trap and trace device or process ("pen-trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication on telephone number ▮▮▮▮▮▮▮ referred to as the **TARGET PHONE** described in Attachment A and the disclosure of subscriber information, including the names and addresses (whether listed or unlisted), billing information, and periods of telephone activation for all numbers dialed or connections made to and from the Target Phone, pursuant to 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2) and 2703(d).  The Order requested requires any local, long distance or wireless telephone carrier, and any other person or entity providing electronic or wire communication service in the United States whose assistance may facilitate execution of the requested Court Order.

In support of this application, the United States asserts:

1.     Applicant is an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and, therefore, pursuant to Section 3122 of Title 18, United States Code, may apply for an order authorizing the installation of a trap and trace device and pen register.

2.     Applicant certifies that the Drug Enforcement Administration is conducting a criminal investigation of Ray Noel CAMACHO, and others as yet unknown, in connection with possible violations of 21 USC §§ 841(a)1 & 846.  It is believed that the subjects of the investigation are using the Target Phone in furtherance of the subject offenses; and that the information likely to be obtained from the pen register and trap and trace device is relevant to the ongoing criminal

investigation in that it is believed that this information will concern the aforementioned offenses.

3.      Applicant requests that the Court issue an order authorizing the installation and use of a pen register to record or decode dialing, routing, addressing, or signaling information transmitted by Cellco DBA Verizon Wireless, ██████████ **(Target Phone)**, and a trap and trace device to capture the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, for a period of 60 days, provided, however, that such information shall not include the contents of any communication.

4.      Applicant requests further that the order direct the furnishing of information, facilities, and technical assistance necessary to accomplish the installation of the pen register and trap and trace device as provided in 18 U.S.C. § 3124.

5.      Applicant requests further that the order direct that the results of the trap and trace device be furnished to the officer of a law enforcement agency, designated in the court order, at reasonable intervals during regular business hours for the duration of the order.

6.      With regard to the requirement of 18 U.S.C. § 3121(c) that   the Drug Enforcement Administration use technology reasonably available to it that restricts the recording or decoding of electronic or other impulses to the dialing, routing, addressing, and signaling information utilized in the processing and transmitting of wire or electronic communications so as not to include the contents of any wire or electronic communications, the Drug Enforcement Administration is not aware of any such technology.

7.      Applicant further requests that the Court's Order direct service providers, upon request, to notify of any and all changes (including additions, deletions and transfers) in service regarding the Target numbers and subscriber information (published, non-published and unlisted) associated with these changes.

8.      Applicant further requests that the Court's Order direct service providers to furnish the results of the pen register and trap and trace installations, as well as subscriber information requested below, to Agents/Investigative Research Specialist of the Drug Enforcement Administration as soon as practicable, twenty-four hours a day, for the duration of the order.

9.      In support of its request for an order under 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2), and 2703(d), directing the disclosure of subscriber

[2]

information, the government hereby sets for the following facts showing there are reasonable grounds to believe that such subscriber information will be relevant and material to an ongoing criminal investigation:

10.    I am advised by Steven Ebmeier, Special Agent, Drug Enforcement Administration, of the following.

11.    The telephone that is the subject of this application is currently assigned telephone number ████████████(TARGET TELEPHONE) and operated on the network of Cellco DBA Verizon Wireless.

12.    In April 2019, the DEA Sioux Falls Resident Office, in conjunction with the South Dakota Division of Criminal Investigation (DCI) and the Sioux Falls Area Drug Task Force (SFADTF), began investigating the Ray CAMACHO Drug Trafficking Organization (DTO).  As part of this investigation, agents learned that CAMACHO is incarcerated in the South Dakota State Penitentiary, where he is using the prison's recorded telephone system to run a multi-jurisdictional DTO.  It has been learned that CAMACHO contacts individuals outside of the prison, who he directs to place three-way telephone calls to his methamphetamine sources of supply(s) located in Mexico, allowing CAMACHO to speak directly to these methamphetamine sources and coordinate multi-pound shipments of methamphetamine into the District of South Dakota for distribution.  As part of making these three-way telephone calls, CAMACHO has been found to direct individuals making the calls to use cellular telephone applications (Apps) such as WhatsApp and Google Voice.

13.    

14.    



15.   Following the seizure of the ten pounds of methamphetamine from

16.   On   this   same   date,

17.   On or about July 1, 2019, a SD DCI Confidential Source (CS) provided information that Sandra HIGHBEAR was utilizing telephone number **(Target Telephone)**. A search of open source records (i.e. Facebook) corroborated that HIGHBEAR is associated with the **Target Telephone** number. Additionally, the South Dakota State Penitentiary has HIGHBEAR listed as the user of **Target Telephone** and agents, through

18.

[4]



19.

20.    On July 26, 2019, agents reviewed a prison call made on inmate

21.



22.

23.



24. 

25.     Based on the forgoing, agents believe that CAMACHO is continuing coordinating shipments of methamphetamine through his methamphetamine source of supply through thee-way calling over the prison's phone system and is utilizing Sandra HIGHBEAR (who is utilizing the **Target Telephone**) to conduct a portion of his three-way calls to his source of supply and local distributors based in South Dakota.

26.     Disclosure of this application, the court's order, or the fact that the requested records have been produced to the Drug Enforcement Administration may seriously jeopardize this pending investigation.

27.     Based on the specific and articulable facts set forth above, pursuant to 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2) and 2703(d), I request that service providers be ordered to supply subscriber information (including the names and addresses, whether listed or unlisted, billing information, and periods of telephone activation) related to the dialing, routing, addressing or signaling information captured by the pen register or trap and trace devices on the Target Telephone Number, immediately upon request twenty-four hours a day for all

published and non-published telephone numbers identified by a pen register as having called or been called from the Target Telephone Number.   For the purposes of this request, "service provider" shall include, but not be limited to: TracFone and Verizon, Comcast, T-Mobile, Sprint Spectrum LP, Spring PCS, Airtouch Cellular, Sprint, Nextel, Sprint-Nextel, Qwest, Qwest Wireless, American Telephone and Telegraph (AT&T), AT&T Wireless, American Wireless, Ameritech, GTE, New York NEX, CellCo Partnership DBA Verizon Wireless, Voicestream, Pacific Bell, Virgin Mobile USA, Cingular, MCI, Southwestern Bell, SBC, PageNet, Mobile Radio Communications, Mobile Com, and PageMart.

28.    Based on the information provided in this application, I believe that the disclosure of the requested Court Order may result in flight from potential prosecution, destruction of evidence, or may otherwise seriously jeopardize the investigation.    Therefore, pursuant to 18 U.S.C. §§ 2705(b) and 3123(d), I further request that the Court direct service providers, their agents and employees, not to disclose in any manner, to subscribers or to any other person, the existence of the Court's Order in any form, the existence of the pen register trap and trace devices, or the existence of this investigation, unless otherwise ordered by this Court.   I further request that this Application and the Order be sealed until otherwise ordered by this Court.

29.    WHEREFORE, it is respectfully requested that the Court grant an order authorizing the installation and use of a pen register and trap and trace device, and directing Cellco DBA Verizon Wireless, to forthwith furnish agents of the Drug Enforcement Administration with all information, facilities and technical assistance necessary to accomplish the installation of the trap and trace device and pen register on the Target Telephone, and further to require all service providers to provide the requested subscriber information.

Dated this 14th day of August, 2019.

RONALD A. PARSONS, JR.
United States Attorney

Jennifer D. Mammenga
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone:   (605)357-2361
Facsimile:   (605)330-4410
E-Mail:   Jennifer.Mammenga@usdoj.gov

## ATTACHMENT A "REDACTED"

| Facility | Account Number or identifier | Subscriber, if known | Subject of investigation, if known |
|---|---|---|---|
| Cellco DBA Verizon Wireless | ███████████ | UNK | Sandra Highbear |

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Application
Regarding

19-103-04

No. __4i19-mc-43___

ORDER FOR PEN REGISTER AND
TRAP/TRACE DEVICE "REDACTED"

Jennifer D. Mammenga, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. § 3123, requesting that the Court issue an Order authorizing the installation and use of a pen register and trap and trace device or process ("pen/trap device") on all electronic or other transmissions of data passing through the Cellco DBA Verizon Wireless accounts identified in Attachment A (herein referred to as SUBJECT ACCOUNTS).

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration of unknown individuals in connection with possible violations of 21 U.S.C. §§ 841(a)(1) & 846, distribution and conspiracy to distribute controlled substances, and 18 U.S.C. §§ 1952 & 1956, use of facilities in interstate commerce and money laundering.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that a pen-trap device may be installed by Cellco DBA Verizon Wireless and the Drug Enforcement Administration to record, decode, and/or capture all non-content dialing, routing, addressing, and signaling information associated with each communication to or from the SUBJECT ACCOUNTS, including the date, time, and duration of the communication, and to record user log-in data (date, time, duration, and Internet Protocol address of all log-ins) on the SUBJECT ACCOUNTS.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for a period of sixty days (60), beginning at any time within 14 days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) & 3124(a)-(b), that Cellco DBA Verizon Wireless and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap device, including

installation and operation of the pen-trap device unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the Drug Enforcement Administration reasonably compensate Cellco DBA Verizon Wireless and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that Cellco DBA Verizon Wireless and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the Drug Enforcement Administration of any changes relating to the SUBJECT ACCOUNTS, including changes to subscriber information, and to provide prior notice to the Drug Enforcement Administration before terminating or changing service to the SUBJECT ACCOUNTS;

IT IS FURTHER ORDERED that the Drug Enforcement Administration and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the Drug Enforcement Administration, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that Cellco DBA Verizon Wireless and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that Cellco DBA Verizon Wireless may disclose this Order to an attorney for Cellco DBA Verizon Wireless for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order, and shall provide copies of this Order to the Drug Enforcement Administration and Cellco DBA Verizon Wireless upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

Dated: _8-14-19_____

BY THE COURT:

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

[2]

ATTACHMENT A "REDACTED"

| Facility | Account Number or identifier | Subscriber, if known | Subject of investigation, if known |
|---|---|---|---|
| Cellco DBA Verizon Wireless | ███████████ | UNK | Sandra Highbear |